## BUINAC v STATE

Ohio Appeals, 9th Dist, Summit Co

No 2008. Decided Nov 6, 1931

D. D. Silashki, Akron, for plaintiff in error.

A. B. Casselberry, City Solicitor, Barberton, for defendant in error.

FUNK, J.

The record shows that the court heard said motion immediately and before proceeding with the trial on the merits, and that defendant filed an affidavit in support of his motion and rested.

The state then adduced evidence to the effect that the police officers had had complaints that liquor was being sold in the residence of defendant and that his residence had the reputation of being a place where liquor was being sold, and that one of the police officers had watched defendant's residence and had seen people going in and coming out and that when they came out they were acting as though they were intoxicated to a certain extent, but not absolutely drunk.

Although the bill of exceptions shows that said motion and an affidavit in support of the same were filed, we find no such motion or affidavit either in the files or attached to the bill of exceptions.

Of course, if the motion asked for the return of the whiskey along with the empty bottles, then the whiskey was the property of defendant, and it being found on his lot, he could not say he was not in possession of it. However that may be, in the absence of the motion, and the affidavit as the only evidence in support of the same, and in view of the testimony offered by the state concerning the complaints the officers had concerning the residence of the defendant, the court was not only fully warranted in overruling defendant's motion for the return of the property, but could not have done otherwise.

The court then proceeded to hear the case upon its merits.

The defendant contends that the judgment of the court is manifestly against the weight of the evidence and bases his argument largely upon the fact that at the time the officers made the search, he was not at home but was at his place of business across the street from his residence, that his wife was also absent from the house at the time, which was then occupied only by his children, who were minors, and upon the further fact that the whiskey was found not in the house but on the ground about 25 feet from the house, and that the defendant testified that he knew nothing about the whiskey being there, and that the bottles were used by his wife for the purpose of preserving catsup.

We have carefully read the whole record

and considered the cases cited by counsel on both sides. It must be borne in mind that in the trial of cases much depends upon the maner and demeanor of the parties and the witnesses as they appear in open court and upon the witness stand, and that a reviewing court does not have the benefit of observing them, and that the rule was largely for this reason wisely adopted that a reviewing court cannot set up its judgment as against that of the jury or trial court and that it cannot reverse on the weight of the evidence unless the record discloses that such judgment is so clearly unsupported by the evidence as to indicate misapprehension, mistakes, bias or willful disregard of duty. Considering all the surrounding facts and circumstances as disclosed by the record in this case in the light of the above rules, we cannot say that the judgment of the trial court is manifestly against the weight of the evidence.

Finding no prejudicial error, the judgment is affirmed.

PARDEE, PJ and WASHBURN, J, concur.